WAGNER v DOOLEY

Docket No. 78-372. Submitted December 5, 1978, at Lansing.—Decided June 19, 1979. Leave to appeal applied for.

In 1941 Grace J. Norton and her husband John F. Norton transferred certain property located in Montmorency County to Willis F. Dooley and his wife Ruth A. Dooley. In the deed conveyed to the Dooleys, the Nortons reserved to themselves the ownership of all subsurface minerals and mineral rights. This deed was destroyed in 1943 when a fire destroyed the records of the Register of Deeds for Montmorency County. The deed was rerecorded on June 13, 1970, by the Dooleys.

By a deed dated April 8, 1975, Grace Norton, as survivor of herself and John F. Norton, granted the retained minerals and mineral rights to B. F. Wagner, with Mrs. Norton retaining a life estate. On March 16, 1976, Mrs. Norton and B. F. Wagner filed an action against the Dooleys to quiet title to their interest in the property. Montmorency Circuit Court, Philip J. Glennie, J., entered a judgment quieting title to the plaintiffs. In its opinion the trial court indicated that the dormant minerals act did not operate upon a deed reservation of a fee interest in subsurface minerals and mineral rights which included within it the interest in oil and gas. The court further ruled that the plaintiffs' oil and gas interests were not abandoned under the dormant minerals act because of the rerecording of the deed by the Dooleys in 1970. The trial court did not address the question of the constitutionality of the dormant minerals act. The defendants appeal. *Held:*

1. The enactment of the dormant minerals act was a valid exercise of police power and the statute does not unconstitutionally impair the obligation of contracts or deny equal protection of the law.

2. The reservation of minerals and mineral rights in the deed

REFERENCES FOR POINTS IN HEADNOTES

[1] 54 Am Jur 2d, Mines and Minerals §§ 103, 105, 108-110.

[2] 38 Am Jur 2d, Gas and Oil § 46.
    54 Am Jur 2d, Mines and Minerals §§ 108-110.

[3] 38 Am Jur 2d, Gas and Oil §§ 115-119.

[4] 38 Am Jur 2d, Gas and Oil §§ 208, 209.

in question has the effect of reserving the oil and gas rights to the plaintiffs and severing those rights from the surface owner. The dormant minerals act applies to all interests in subsurface oil and gas which have been severed from the interests of the surface owner. The dormant minerals act does apply to the instant case.

3. The rerecordation of the deed by the Dooleys, under the statute concerning the rerecordation of public records that have been destroyed, did not toll the operation of the dormant minerals act and did not prevent the 20-year period of the dormant minerals act from running.

4. Even if the operation of the rerecordation statute tolled the operation of the dormant minerals act, the plaintiff still would not prevail in this instance. The dormant minerals act requires the owner of the interest in the subsurface oil and gas to take certain action to indicate nonabandonment of that interest. In the instant case it was the defendants who took the rerecordation action, not the plaintiffs, and this does not satisfy the requirements of the dormant minerals act. The plaintiffs took no action within the appropriate time period to preserve their interests and it is deemed to have been abandoned and vested in the Dooleys who are the surface owners.

Reversed.

1. MINES AND MINERALS — SURFACE OWNER — SEVERANCE OF MINERAL RIGHTS — RESERVATION IN DEED.

The ownership of subsurface mineral interests may be severed from the ownership of the surface by a reservation in a deed.

2. MINES AND MINERALS — DORMANT MINERALS ACT — OIL AND GAS RIGHTS — SEVERANCE OF MINERAL RIGHTS — SURFACE OWNER — STATUTES.

The dormant minerals act applies to a deed which contains a reservation of a right in subsurface minerals which has the effect of reserving gas and oil rights to a former owner and severs those rights from the rights of the surface owner (MCL 554.291; MSA 26.1163[1]).

3. MINES AND MINERALS — OIL AND GAS — DORMANT MINERALS ACT — WORDS AND PHRASES — STATUTES.

The Legislature, by the utilization of the words "any interest in oil or gas" in the dormant minerals act, intended that all interests in oil and gas in any land owned by any person other than the owner of the surface, whether they be created by deed reservation, lease or otherwise, be subject to the affirmative

duties imposed by the dormant minerals act (MCL 554.291; MSA 26.1163[1]).

4. MINES AND MINERALS — STATUTES — DORMANT MINERALS ACT — OIL AND GAS INTERESTS — ABANDONMENT — PRESERVATION OF INTERESTS.

> The dormant minerals act provides that any person holding any interest in oil or gas in any land, other than the surface owner, shall be deemed to have abandoned such interest unless during any 20-year period such person relative to the land does one of five things: (1) secures a drilling permit, (2) actually produces or withdraws gas or oil, (3) sells, leases, mortgages or transfers such interest by recorded instrument, (4) uses the property subject to such interests for underground gas storage, or (5) records a notice of interest with the Register of Deeds; a three-year grace period was provided by the act for persons affected to record their notice to preserve their interest (MCL 554.291 *et seq.;* MSA 26.1163[1] *et seq.*).

*Bujold & Bailey* (by *Frank J. Bujold* and *Douglas A. Tull),* for plaintiffs.

*Meyers & Polaczyk,* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAVANAGH and CYNAR, JJ.

D. E. HOLBROOK, JR., P.J. This controversy arises out of an action to quiet title. The land which is the subject matter of this lawsuit is located in Montmorency County and was originally owned by plaintiff Grace J. Norton and her husband John F. Norton, now deceased. This property was transferred via a deed dated March 14, 1941, to defendants Willis F. Dooley and his wife Ruth A. Dooley. This deed contained a reservation that:

"Parties of the first part, however, saving and reserving unto themselves, their heirs and assigns, forever, all minerals and mineral rights beneath the surface of said lands, together with the right to enter upon said lands

and explore the same therefor and to mine the same without let or hindrance."

The deed containing this reservation was recorded on May 17, 1941. In 1943 a fire destroyed the records of the Register of Deeds for Montmorency County including the recorded deed in question. This deed was rerecorded by defendants on June 13, 1970. Plaintiff Grace Norton, as the survivor of herself and John F. Norton, deeded the retained minerals and mineral rights to plaintiff B. F. Wagner retaining a life estate to herself by a deed dated April 8, 1975. On March 16, 1976, plaintiffs filed suit to quiet title to the property. After a nonjury trial the trial court issued a judgment quieting title to plaintiffs. In its opinion, the trial court indicated that the dormant minerals act, MCL 554.291; MSA 26.1163(1), did not operate upon a deed reservation of a fee interest in subsurface minerals and mineral rights which included within it the interest in oil and gas. It was the court's further opinion that plaintiffs' oil and gas interests were not abandoned under this statute because of the rerecording of the deed by defendants on June 13, 1970. Plaintiffs raised challenges to the constitutionality of the dormant minerals act at trial but the trial court was not required to reach these issues because of its prior findings. It is from this judgment quieting title that defendants appeal as of right raising several issues.

In *Van Slooten v Larsen,* 86 Mich App 437; 272 NW2d 675 (1978), *lv gtd* 405 Mich 824 (1979), this Court found that the dormant minerals act was a valid exercise of police power and did not unconstitutionally impair the obligation of contracts or deny equal protection of the laws. This act, effective September 6, 1963, provides:

"Any interest in oil or gas in any land owned by any person other than the owner of the surface, which has not been sold, leased, mortgaged or transferred by instrument recorded in the register of deeds office for the county where such interest is located for a period of 20 years shall, in the absence of the issuance of a drilling permit as to such interest or the actual production or withdrawal of oil or gas from said lands, or from lands covered by a lease to which such interest is subject, or from lands pooled, unitized or included in unit operations therewith, or the use of such interest in underground storage operations, during such period of 20 years, be deemed abandoned, unless the owner thereof shall, within 3 years after the effective date of this act or within 20 years after the last sale, lease, mortgage or transfer of record of such interest or within 20 years after the last issuance of a drilling permit as to such interests or actual production or withdrawal of oil or gas, from said lands, or from lands covered by a lease to which such interest is subject, or from lands pooled, unitized, or included in unit operations therewith, or the use of such interests in underground gas storage operations, whichever is later, record a claim of interest as hereinafter provided. Any interest in oil or gas deemed abandoned as herein provided shall vest as of the date of such abandonment in the owner or owners of the surface in keeping with the character of the surface ownership." MCL 554.291; MSA 26.1163(1).

Since the constitutionality of this statute is no longer in question, we must proceed to examine the facts of this case to determine its applicability.

The ownership of subsurface mineral interests may be severed from the ownership of the surface by a reservation in a deed. *Rathbun v Michigan,* 284 Mich 521, 534; 280 NW 35 (1938). By reserving the mineral rights the grantor of the deed is also deemed to have reserved the rights in oil and gas. *Weaver v Richards,* 156 Mich 320, 324; 120 NW 818 (1909), *Kruger v Agnor,* 321 Mich 131, 138; 32

NW2d 365 (1948). The reservation contained in the deed in the instant case has the effect of reserving the oil and gas rights to plaintiffs and severing those rights from the surface owner, thus creating a situation where the dormant minerals act is applicable.

The trial court held the dormant minerals act was not intended by the Legislature to operate upon a deed reservation of a fee interest in subsurface minerals and mineral rights which includes the interest in oil and gas. This was based upon its perception that "the evil to be corrected clearly was the difficulty posed to persons resuming drilling operations on land covered by abandoned oil and gas leases in locating persons claiming fractional royalty interests under such abandoned leases". We disagree with this interpretation as it would directly contradict the plain language of the statute. The statute on its face applies to "any interest in oil or gas". The trial court has apparently accepted plaintiffs' argument that the Legislature intended this statute to apply only to leasehold interests in oil and gas. We note that when the Legislature has desired to address problems concerning oil and gas leases in the past it specifically utilized the term "lease" in its statutory enactment. See MCL 554.281; MSA 26.1161. Accordingly we find that by utilization of the words "any interest in oil or gas" the Legislature intended that all interests in oil and gas, whether they be created by deed reservation, lease or otherwise, be subject to the affirmative duties imposed by the dormant minerals act.

Having determined that the interest in oil and gas reserved by plaintiffs was intended to be affected by the dormant minerals act, we must now determine whether plaintiffs have complied with

the requirements of the act. The trial court found that defendants' rerecordation of their deed on June 13, 1970, pursuant to the provisions of MCL 561.4; MSA 26.878(4) prevented the 20-year period provided in the dormant minerals act from running. This statute concerns the rerecordation of public records that have been destroyed and provides that rerecorded deeds shall be of like force and affect as the original recording. Contrary to plaintiffs' contention, the operation of this statute does not toll the operation of the dormant minerals act but rather provides a method by which an individual relying upon protection of the recordation act may recreate his record notice. The rerecordation of defendants' deed merely acts to reaffirm defendants' continuity of record title.

Even assuming defendants' actions of rerecording their deed have some retroactive application as applied to the dormant minerals act, plaintiffs still may not prevail. The dormant minerals act:

"provides that any person holding any interest in oil or gas in any land, other than the surface owner, shall be deemed to have abandoned such interest unless during any 20 year period *such person* relative to the land does one of five things: (1) Secures a drilling permit; or (2) actually produces or withdraws gas or oil individually or as part of a pool; or (3) sells, leases, mortgages or transfers such interest by recorded instrument; or (4) uses the property subject to such interests for underground gas storage; or (5) records a notice of interest with the Register of Deeds." *Bickel v Fairchild,* 83 Mich App 467, 469-470; 268 NW2d 881 (1978). (Emphasis supplied.)

Implicit in the legislative scheme is the requirement that the owner of the interest in oil and gas take some action to indicate nonabandonment of the interest. In this instance the rerecordation in

1970 was an action taken by defendants rather than by plaintiffs and cannot suffice to satisfy plaintiffs' obligation under the statute.

Plaintiffs' interest in the oil and gas was created by means of a reservation of the mineral rights contained in a deed recorded May 17, 1941. The 20-year period imposed upon these oil and gas rights by the dormant minerals act would have run by May 17, 1961, two years before the effective date of the dormant minerals act. To cover such situations the statute provides a grace period of three years after the effective date of this act, September 6, 1963, in which to perform one of the required actions. This grace period expired September 6, 1966. We find that plaintiffs have failed to perform any of the actions required by the dormant minerals act and their interest in oil and gas is deemed to have been abandoned and vested in defendants who are the surface owners of the property in question. The trial court's finding that plaintiffs' oil and gas interests had not been abandoned is reversed. The judgment quieting title to the subsurface minerals and mineral rights is modified to reflect that such mineral rights are exclusive of the oil and gas rights in the property

Reversed. No costs, interpretation of a statute involved.