BATES v KESO

Docket No. 127316. Submitted January 9, 1991, at Grand Rapids.
    Decided February 19, 1991, at 9:05 A.M.

    Russell M. Bates brought an action in the Osceola Circuit Court
    against Marvin D. and Elginora J. Keso, seeking to quiet title
    of an undivided one-half interest in oil, gas, and other minerals
    under a parcel owned by the Kesos. The court, Lawrence C.
    Root, J., entered a judgment awarding title to the defendants,
    determining that ownership of the disputed interest had vested
    in the defendants as surface owners pursuant to the dormant
    minerals act. The plaintiff appealed.

        The Court of Appeals *held:*

        Section 1 of the dormant minerals act, MCL 554.291; MSA
    26.1163(1), provides that any interest in oil or gas in land
    owned by a person other than the owner of the surface which
    has not been sold, leased, mortgaged, or transferred by instru-
    ment recorded with the register of deeds for a period of twenty
    years will be deemed abandoned and will vest in the owners of
    the surface, absent issuance of a drilling permit with regard to
    such interest, actual production, use in underground storage
    operations, or the recording of a claim of interest with the
    register of deeds.

        In this case, the 1976 rerecording with the register of deeds
    of a probate court order recorded in 1964 which assigned the
    disputed interest to three persons, who, in turn, deeded the
    interest to the plaintiff in 1988, did not break the period of
    dormancy and does not prevent operation of the dormant
    minerals act. An actual transfer of interest, rather than mere
    evidence of a transfer, is necessary.

        Affirmed.

GAS AND OIL — DORMANT MINERALS ACT — ABANDONMENT OF INTER-
    ESTS — RESIDUES OF ESTATES.

    An oil or gas interest severed from ownership of the surface

REFERENCES

Am Jur 2d, Gas and Oil §§ 7, 19.

See the Index to Annotations under Abandonment of Property or
    Right; Gas and Oil.

rights in real property, otherwise deemed abandoned pursuant to the dormant minerals act, is not affected by a rerecording with the register of deeds during the period of dormancy of a previously recorded transfer of interest resulting from an order of a probate court assigning the interest as the residue of an estate (MCL 554.291; MSA 26.1163[1]).

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *James R. Neal*), for the plaintiff.

*Lobert & Downey* (by *Shawn M. Downey*), for the defendants.

Before: GILLIS, P.J., and MACKENZIE and WEAVER, JJ.

WEAVER, J. We have before us an action to quiet title of an undivided one-half interest in the oil, gas, and other minerals under thirty-nine acres of land. Plaintiff appeals the judgment awarding title to the surface owners. We affirm.

The relevant facts are not in dispute. On May 13, 1962, James E. Boyd died possessing an undivided one-half interest in the oil, gas, and other minerals now disputed, which had been severed from ownership of the surface rights. Following probate proceedings, an order allowing the final accounting and assigning the residue of the estate was recorded on July 10, 1964. The residue of the estate was awarded in equal proportions to Bule A. Boyd, Dean J. Boyd, and Hugh R. Boyd. This order was properly recorded with the register of deeds. On May 6, 1976, the 1964 order was again recorded with the register of deeds. In 1988, three separate mineral deeds were recorded by which the Boyd heirs conveyed to plaintiff Bates a total of a fifty percent interest in the oil and gas in the disputed land.

The sole issue revolves around the interpretation of the dormant minerals act, MCL 554.291 *et*

*seq.*; MSA 26.1163(1) *et seq.* The question before us is whether this mineral interest had been extinguished under the dormant minerals act and had therefore vested in the owners of the surface.

Section 1 of the dormant minerals act provides in part:

> Any interest in oil or gas in any land owned by any person other than the owner of the surface, which has not been sold, leased, mortgaged or transferred by instrument recorded in the register of deeds office for the county where such interest is located for a period of 20 years shall, in the absence of the issuance of a drilling permit as to such interest or the actual production or withdrawal of oil or gas from said lands, or from lands covered by a lease to which such interest is subject, or from lands pooled, unitized or included in unit operations therewith, or the use of such interest in underground gas storage operations, during such period of 20 years, be deemed abandoned, unless the owner thereof shall, within 3 years after the effective date of this act or within 20 years after the last sale, lease, mortgage or transfer of record of such interest or within 20 years after the last issuance of a drilling permit as to such interest or actual production or withdrawal of oil or gas, from said lands, or from lands covered by a lease to which such interest is subject, or from lands pooled, unitized, or included in unit operations therewith, or the use of such interest in underground gas storage operations, whichever is later, record a claim of interest as hereinafter provided. Any interest in oil or gas deemed abandoned as herein provided shall vest as of the date of such abandonment in the owner or owners of the surface in keeping with the character of the surface ownership. [MCL 554.291; MSA 26.1163(1).]

Plaintiff seeks to avoid a finding of abandonment by relying on the 1976 recordation of the 1964 order.

In making this argument, plaintiff does not contend that the 1976 recordation was notice of inter-

est that complied with § 2 of the act.[1] Rather, he claims that the 1976 recordation was "evidence of a transfer" sufficient to start the running of a twenty-year dormancy period pursuant to § 1. We disagree.

Section 1 concerns itself with whether an interest has been "sold, leased, mortgaged or transferred by instrument recorded in the register of deeds office." The clear language of the statute shows that to begin the running of a new twenty-year prescriptive period it is not sufficient that there be merely "evidence of a transfer," but rather that an actual transfer at that time is necessary as well. Here, the only transfer reflected by the 1976 recordation occurred in 1964.

We note that this ruling is consistent with a prior opinion of this Court holding that the recordation of a deed destroyed by fire did not prevent the operation of the dormant minerals act. *Wagner v Dooley,* 90 Mich App 759; 282 NW2d 469 (1979).

We affirm the judgment of the trial court.

---

[1] MCL 554.292; MSA 26.1163(2) provides in pertinent part:

Any interest in oil or gas referred to in this act may be preserved by the recording within the period specified in this act a written notice in the register of deeds office for the county where such interest is located, which notice shall be verified by oath, describe the land and the nature of the interest claimed, give the name and address of the person or persons claiming the interest, and state that such person or persons desire to preserve the interest and do not intend to abandon same.