GIBBS v SMOCK (ON REHEARING)

Docket No. 132853. Submitted March 11, 1992, at Grand Rapids.
Decided August 4, 1992, at 9:20 A.M.

Byron L. Gibbs and Louise M. McCracken brought an action in
the Isabella Circuit Court against Alger J. Smock, personal
representative of the estate of Ida P. Smock, deceased, and
others, seeking a declaration with respect to the ownership of
severed mineral rights originally owned by the decedent and
bequeathed to the plaintiffs. The probate court order effectuat-
ing the bequest, as recorded with the register of deeds, did not
contain a specific description of the surface property. Smock
contended that, because the dormant minerals act, MCL
554.291 et seq.; MSA 26.1163(1) et seq., requires a description of
the surface property, the conveyance of the mineral rights to
the plaintiffs was ineffective. The circuit court, Paul F. O'Con-
nell, J., rejected Smock's argument and entered judgment for
the plaintiffs. The Court of Appeals, FITZGERALD, P.J., and
HOOD and CAVANAGH, JJ., reversed in an unpublished opinion
per curiam, decided April 7, 1992 (Docket No. 132853), and
later granted rehearing.

On rehearing, the Court of Appeals *held:*

The dormant minerals act, which vests ownership of severed
mineral rights in the owner of the surface property in the
absence of filing a notice of claim of interest every twenty
years, has as its primary concern the preservation or abandon-
ment of severed mineral rights, not the mechanics of convey-
ances or transfers of those rights. Sections 1 and 2 of the act,
MCL 554.291, 554.292; MSA 26.1163(1), 26.1163(2), before the
expiration of an applicable twenty-year period, do not serve to
invalidate a conveyance or transfer that does not contain a
description of the surface property.

Affirmed.

GAS AND OIL — DORMANT MINERALS ACT — CONVEYANCES AND
    TRANSFERS OF MINERAL RIGHTS.

A bequest of mineral rights severed from ownership of the

REFERENCES

Am Jur 2d, Mines and Minerals §§ 103, 105, 116.

See the Index to Annotations under Decedents' Estates; Mines and
Minerals; Wills.

surface rights in real property is not rendered invalid under the dormant minerals act for lack of a specific description of the surface property where the applicable twenty-year period of dormancy has not expired (MCL 554.291, 554.292; MSA 26.1163[1], 26.1163[2]).

*Timothy J. Schnelle,* for Byron L. Gibbs and Louise M. McCracken.

*Lynam & Associates* (by *Terence V. Lynam*), for Sun Exploration & Production Company, et al.

*David J. Dreyer,* for Alger J. Smock.

ON REHEARING

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant-appellant Alger J. Smock, personal representative of the estate of Ida P. Smock, deceased, appeals as of right from a declaratory judgment in favor of plaintiffs in their action to determine the ownership of certain mineral interests. We affirm.

I

The parties are largely in agreement with regard to the complicated facts of this case. For purposes of this appeal, however, a brief recitation of the facts will suffice.

The mineral rights at issue were severed from the surface estate in 1935. The owner of the mineral rights recorded a lease in 1957. The owner died testate in 1961, and his will did not contain a description of the location of the mineral rights. The probate court entered an order assigning the residue of the owner's estate. The order was recorded with the register of deeds in 1962. This

document contains a provision distributing mineral rights to various parties, but does not specify the location of the surface estate.

On appeal, the issue is whether the dormant minerals act, MCL 554.291 *et seq.*; MSA 26.1163(1) *et seq.*, prevented plaintiffs' interest in the mineral rights from passing because the order assigning the residue did not contain a precise description of the surface estate.[1]

II

The dormant minerals act provides in pertinent part:

> Sec. 1. Any interest in oil or gas in any land owned by any person other than the owner of the surface, which has not been sold, leased, mortgaged or transferred by instrument recorded in the register of deeds office for the county where such interest is located for a period of 20 years shall . . . be deemed abandoned, unless the owner thereof shall, within 3 years after the effective date of this act or within 20 years after the last sale, lease, mortgage or transfer of record of such interest . . . whichever is later, record a claim of interest as hereinafter provided. Any interest in oil or gas deemed abandoned as herein provided shall vest as of the date of such abandonment in the owner or owners of the surface in keeping with the character of the surface ownership.
>
> *      *      *
>
> Sec. 2. Any interest in oil or gas referred to in this act may be preserved by the recording within the period specified in this act a written notice in the register of deeds office for the county where such interest is located, which notice shall be verified by oath, describe the land and the nature

---

[1] This appeal is not otherwise concerned with the validity of the conveyance.

of the interest claimed, give the name and address of the person or persons claiming the interest, and state that such person or persons desire to preserve the interest and do not intend to abandon same. . . . [MCL 554.291, 554.292; MSA 26.1163(1), 26.1163(2).]

Smock argues that the property description requirement contained in § 2 also applies to § 1, and the absence of a property description renders the order by which the residue was conveyed defective.[2] We disagree.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted. *Nat'l Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988).

The purpose of the dormant minerals act is not to abolish severed mineral interests, but to promote the development of mineral interests by reducing the difficulty in locating the owners of severed mineral interests where there has been no recent recording of those interests. *Van Slooten v*

---

[2] We note that MCL 700.193; MSA 27.5193 governs orders assigning residue. This section provides in pertinent part:

The order assigning residue shall state the date of death of the decedent and shall name the persons and the proportions or parts of the estate to which each shall be entitled.

Section 193 imposes no requirement that the order assigning residue contain a legal description of the property interest being conveyed.

*Larsen,* 410 Mich 21; 299 NW2d 704 (1980); *Oberlin v Wolverine Gas & Oil Co,* 181 Mich App 506, 514; 450 NW2d 68 (1991). 1963 PA 42 is defined as "AN ACT to provide for the termination of dormant oil and gas interests in land owned by persons other than the owners of the surface and for the vesting of title to same in the surface owners in the absence of the filing of a notice of claim of interest within a specified period of time." Section 1 of the act merely describes the circumstances under which a mineral interest may be deemed abandoned *if not preserved within twenty years of the last sale, lease, mortgage, or transfer.* Section 1, unlike 2, imposes no requirements on a conveyance of mineral rights. Section 2 provides a method of preservation for those interests that have not been sold, leased, mortgaged, or transferred for a period of twenty years. Neither section is concerned with the conveyance or actual transfer of mineral rights; the act is concerned solely with the preservation and abandonment of mineral rights, and, by its plain and ordinary meaning, does not deem dormant mineral rights terminated until the expiration of the twenty-year period.

The trial court correctly determined that the conveyance of mineral rights effectuated through the order that assigned the residue of the estate of the previous owner was not rendered invalid by the dormant minerals act.[3]

Affirmed.

---

[3] See *Bates v Keso,* 187 Mich App 409, 410; 468 NW2d 251 (1991), wherein this Court noted that the order assigning residue was properly recorded with the register of deeds. Although not at issue in the case, this Court implied that the order effectively conveyed the mineral rights at issue.