WAYNE COUNTY v DEPARTMENT OF CORRECTIONS DIRECTOR

Docket No. 150606. Submitted January 18, 1994, at Detroit. Decided May 2, 1994, at 9:20 A.M. Leave to appeal sought.

Wayne County filed a complaint for mandamus in the Wayne Circuit Court, seeking a writ directing Kenneth L. McGinnis, director of the Department of Corrections, to reimburse it pursuant to MCL 800.454; MSA 28.1714(4) for the costs of housing escaped state prisoners held in the county jail. The court, Richard C. Kaufman, J., dismissed the complaint, holding that there was no clear duty to reimburse the plaintiff with respect to those prisoners who had been charged with the felony of prison escape, because such prisoners were awaiting prosecution on new felony charges within the meaning of the reimbursement statute and were not subject to its provisions. The plaintiff appealed.

The Court of Appeals held:

The reimbursement statute clearly exempts from its provisions state prisoners being held in county jails awaiting prosecution on new felony charges. The phrase "new felony charges" is not ambiguous and includes new charges of the felony of escape. The statute is not rendered absurd by interpreting it to provide for reimbursement to counties of housing expenses for escaped prisoners awaiting return to state facilities, while denying such reimbursement where the prisoner has been charged with the felony of escape and is awaiting prosecution on that charge. The trial court did not abuse its discretion in refusing to issue a writ of mandamus.

Affirmed.

MARILYN KELLY, J., dissenting, stated that the reimbursement statute, when read in conjunction with the prison escape statute, leads to an incongruent result if the reimbursement statute is interpreted to include the felony of prison escape within the meaning of "new felony charges." The term "new felony charges" clearly is intended to apply only with respect to

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 217.

See ALR Index under Criminal Procedure Rules; Escape or Flight; Prisons and Prisoners.

new felony charges other than those related to the prison escape.

PRISONS AND PRISONERS — COUNTIES — STATE PRISONERS — JAILS — PRISON ESCAPE.

A county is not entitled to reimbursement of the reasonable costs of housing in the county jail a prisoner who has escaped from a state correctional facility and who has been apprehended pursuant to an order of the Department of Corrections where the prisoner has been charged with the felony of prison escape; under such circumstances, the prisoner is awaiting prosecution on a new felony charge within the meaning of the statute requiring reimbursement of costs incurred by counties in housing escaped state prisoners (MCL 750.193, 800.454[1]; MSA 28.390, 28.1714[4][1]).

*Saul A. Green,* Corporation Counsel, and *Ellen E. Mason,* Assistant Corporation Counsel, for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester A. Sugierski, Jr.,* Assistant Attorney General, for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

CAVANAGH, P.J. Plaintiff, Wayne County, appeals as of right from a circuit court order dismissing its complaint for mandamus. We affirm.

In February 1992, the county filed a complaint for mandamus, alleging that defendant director of the Department of Corrections had a clear legal duty pursuant to § 4 of 1978 PA 16, as amended by 1987 PA 272, MCL 800.454; MSA 28.1714(4), to reimburse it for the costs of housing escaped state prisoners held in county jail. The circuit court disagreed and refused to issue a writ of mandamus. This appeal followed.

The issue on appeal is essentially whether the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

felony of escape, MCL 750.193; MSA 28.390, is a "new felony" within the meaning of § 4.

The primary objective of statutory interpretation is to determine and give effect to the intent of the Legislature. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 275; 486 NW2d 367 (1992). Where the language of a statute is clear, there is no need for interpretation; the statute must be applied as written. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 208; 501 NW2d 76 (1993). This Court may depart from a literal construction of a statute if a literal construction would produce absurd and unjust results clearly inconsistent with the purposes and policies of the statute. *Oberlin v Wolverine Gas & Oil Co,* 181 Mich App 506, 511; 450 NW2d 68 (1989).

The statute at issue provides in part as follows:

> When a state committed prisoner who was incarcerated in a state correctional facility has escaped, not returned pursuant to agreement, or violated the terms of his or her parole and has been apprehended pursuant to an order of the department of corrections and is held in a county jail awaiting disposition of his or her case, the department of corrections shall reimburse the county holding the prisoner for the actual and reasonable daily costs, not to exceed $35.00 per day, incurred by the county in holding the prisoner. *This section shall not apply to the holding of prisoners awaiting prosecution on new felony charges.* [MCL 800.454(1); MSA 28.1714(4)(1); emphasis added.]

One of the purposes of the statute, as set forth in its title, is "to provide reimbursement to counties . . . for expenses incurred in maintaining escapees from correctional institutions . . . ."

We agree with the circuit court that the phrase "new felony charges" is not ambiguous. That lan-

guage includes the new felony of escape. We may
not assume that the Legislature inadvertently
omitted to make an exception for escape. See
*Farrington, supra* at 210.

It is not absurd, unjust, and clearly inconsistent
with the purpose and policy of the statute to
interpret it to mean that the county will only be
reimbursed for the cost of housing escaped state
prisoners if the county refrains from charging
those prisoners with the felony of escape. *Oberlin,
supra.* Pursuant to its own administrative rules,
the Department of Corrections may impose various
sanctions on prisoners found to have engaged in
misconduct, including escape or attempted escape.
See 4 Gillespie, Mich Criminal Law & Procedure
(2d ed), §§ 2479-2480, pp 610-612. Furthermore, the
decision whether to prosecute rests in the prose-
cutor's discretion. *People v Allan,* 158 Mich App
472, 476; 404 NW2d 266 (1987). In other words, the
escapee is subject to punishment regardless of
whether he is charged with escape, and the prose-
cutor is under no compulsion to bring a charge of
escape.

Accordingly, we hold that the felony of escape is
a new felony within the meaning of MCL 800.454;
MSA 28.1714(4) and the circuit court did not abuse
its discretion in refusing to issue a writ of manda-
mus. *Delly v Bureau of State Lottery,* 183 Mich
App 258, 260-261; 454 NW2d 141 (1990).

Affirmed.

J. R. ERNST, J., concurred.

MARILYN KELLY, J. *(dissenting).* I respectfully
dissent. I would vacate the order of the trial court
and order the Department of Corrections to pay
Wayne County.

I

At the outset, I note that I am in general agreement with the standard of review adopted by the majority. The primary objective of statutory interpretation is to determine and give effect to the intent of the Legislature. *Great Lakes Sales, Inc v State Tax Comm*, 194 Mich App 271, 275; 486 NW2d 367 (1992). Where the language of a statute is clear, there is no need for interpretation; the statute must be applied as written. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 208; 501 NW2d 76 (1993). This Court may depart from a literal construction of a statute if such a construction would produce absurd and unjust results clearly inconsistent with the purposes and policies of the statute. *Oberlin v Wolverine Gas & Oil Co*, 181 Mich App 506, 511; 450 NW2d 68 (1989).

The majority correctly defines the issue on appeal as "essentially whether the felony of escape, MCL 750.193; MSA 28.390, is a 'new felony' within the meaning of [MCL 800.454; MSA 28.1714(4)]" *Ante*, pp713-714. To make such a determination and to determine whether MCL 800.454; MSA 28.1714(4) is susceptible to judicial construction, one must read it in conjunction with MCL 750.193; MSA 28.390, the prison escape statute.

II

Statutes which relate to the same subject or share a common purpose are in pari materia and must be read together as one law. It is not essential that they contain a reference to one another and be enacted on the same date. *Feld v Robert & Charles Beauty Salon*, 174 Mich App 309, 317; 435 NW2d 474 (1989), rev'd on other grounds 435 Mich 352; 459 NW2d 279 (1990).

MCL 800.454(1); MSA 28.1714(4)(1) provides:

> When a state committed prisoner who was incarcerated in a state correctional facility has escaped, not returned pursuant to agreement, or violated the terms of his or her parole and has been apprehended pursuant to an order of the department of corrections and *is held in a county jail awaiting disposition of his or her case,* the department of corrections shall reimburse the county holding the prisoner for the actual and reasonable daily costs, not to exceed $35.00 per day, incurred by the county in holding the prisoner. This section shall not apply to the holding of prisoners awaiting prosecution on new felony charges. [Emphasis added.]

MCL 750.193(1); MSA 28.390(1) provides:

> A person imprisoned in a prison of this state who breaks prison and escapes, breaks prison though an escape is not actually made, escapes, leaves the prison without being discharged by due process of law, attempts to break prison, or attempts to escape from prison, is guilty of a felony, punishable by further imprisonment for not more than 5 years. . . . A prisoner who breaks prison, escapes, attempts to break prison, or attempts to escape, *shall be charged with that offense* and tried in the courts of the county in which the prison or penal facility to which the prisoner was committed or transferred is located at the time of the breaking, escape, or attempt to break or escape. [Emphasis added.]

Reading the two statutes together, it becomes manifest that the Legislature intended the state to reimburse a county for housing an escapee "awaiting disposition of his or her case."

First, the word "shall" is generally used to designate a mandatory provision. *People v Kelly,*

186 Mich App 524, 529; 465 NW2d 569 (1990); *Macomb Co Road Comm v Fisher,* 170 Mich App 697, 700; 428 NW2d 744 (1988). MCL 750.193; MSA 28.390 specifies that an individual who escapes "shall be charged with that offense." Thus, the statute requires the prosecutor to charge the offense of prison escape. The majority's conclusion that such charging is within the prosecutor's discretion is inaccurate.

Second, since the escapee must be charged with the offense under the prison escape statute, the meaning of "awaiting disposition of his or her case" in the reimbursement statute becomes clear: it refers to the final resolution of the charging process, be that trial, return to Corrections and dismissal of the charge, guilty plea or other appropriate resolution of the charge. Therefore, the county which houses an escaped inmate is entitled to reimbursement until the escape case is fully and finally resolved. When the two statutes are read together, the charge of prison escape does not constitute a "new felony" as the Department of Corrections argues. Rather, a "new felony" means a "new felony" unrelated to the charge of prison escape.

III

I would emphasize that the majority's position and the failure to construe these statutes together has numerous unfortunate effects. First, it renders the language "awaiting disposition of his or her case" superfluous and nugatory, a result which should be avoided. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992). Second, the majority appears to have judicially overruled that portion of the prison escape statute which makes the charge of prison escape mandatory. The major-

ity has rewritten the statute to mean that when a prisoner escapes, the decision to charge the offense is within the prosecutor's discretion. The interpretation is inconsistent with the plain language of the statute.

The majority's refusal to require payment to counties for housing escaped prisoners has another undesirable result. Insofar as financial considerations prevail, it will never be in the best interests of the county or its citizens for the prosecutor to exercise his or her charging discretion. Such a result cannot bode well for the safety of the citizens of our state. It will arguably encourage prisoners that they can attempt prison escape with impunity, since they may never be charged with the offense.

I would vacate the trial court's order and require the Department of Corrections to pay Wayne County the monies it owes.