ALEXANDER v CITY OF NORTON SHORES

Docket No. 54070. Submitted April 9, 1981, at Grand Rapids.—Decided May 8, 1981. Leave to appeal denied, 411 Mich 1004.

Douglas Alexander, Everett Miller, Charles Kennedy, Shirley Kuziak, Shirley Belmonte, and Florence M. Wierengo, as residents and registered electors of the City of Norton Shores, brought an action against the city contending that the city council acted in violation of plaintiffs' due process rights in approving a public economic development project plan. Modern Merchandising, Inc., was permitted to intervene as a party defendant and thereafter moved for accelerated judgment on the ground that plaintiffs lacked standing to bring the action. Muskegon Circuit Court, Ronald H. Pannucci, J., denied the motion. Intervening defendant appeals. *Held:*

The trial court erred in denying intervening defendant's motion. Plaintiffs did not indicate any manner in which the alleged procedural improprieties of the city council affected them in a manner different from the citizenry at large and thus lack standing to bring the action.

Reversed and remanded.

ACTIONS — STANDING — RIGHTS OF THE PUBLIC — WORDS AND PHRASES.

Standing is the legal term used to denote the existence of a party's interest in the outcome of litigation which will assure sincere and vigorous advocacy; traditionally a private citizen has no standing to vindicate a public wrong or to enforce a public right where he is not hurt in any manner differently than the citizenry at large.

*Scholten & Fant, P.C.* (by *R. Neal Stanton),* for plaintiffs.

*Landman, Luyendyk, Latimer, Clink & Robb* (by

REFERENCE FOR POINTS IN HEADNOTE
[1] 59 Am Jur 2d, Parties § 26 *et seq.*

*Jon D. Vander Ploeg),* for Modern Merchandising, Inc.

Before: MacKenzie, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. Intervening defendant, Modern Merchandising, Inc., appeals by leave granted from an order denying its motion for accelerated judgment pursuant to GCR 1963, 116.1 in which it alleged that plaintiffs lacked standing to pursue their lawsuit.

The Norton Shores City Council approved a public economic development project plan pursuant to the Economic Development Corporations Act, MCL 125.1601 *et seq.;* MSA 5.3520(1) *et seq.* Plaintiffs, claiming to be residents and registered electors of Norton Shores, thereafter filed a complaint in Muskegon County Circuit Court contending that the city council had violated due process by committing alleged irregularities in its approval of the project plan. The trial judge denied intervening defendant's motion for accelerated judgment, ruling that plaintiffs had standing to pursue their action. We reverse and remand for entry of accelerated judgment in favor of intervening defendant.

"Standing is the legal term used to denote the existence of a party's interest in the outcome of the litigation; an interest that will assure sincere and vigorous advocacy." *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 324; 266 NW2d 808 (1978). "Traditionally, a private citizen has no standing to vindicate a public wrong or enforce a public right where he is not hurt in any manner differently than the citizenry at large." *Waterford School Dist v State Board of*

*Education,* 98 Mich App 658, 662; 296 NW2d 328 (1980).

In the case at bar plaintiffs have not indicated any manner in which the alleged procedural improprieties of the Norton Shores city council affect them in a manner differently from the citizenry at large. This is true notwithstanding the fact that a careful review of the record indicates that this case has been fully, adversarily and vigorously argued to date and that plaintiffs have thus demonstrated a sufficient stake in the outcome of the litigation to insure both opposing interest and the requisite adversariness.

However, any alteration of the common-law principles narrowly restricting standing by the present plaintiffs must come from our Michigan Supreme Court or the Legislature. Accordingly, we reverse this case and remand it to the trial court for entry of an order granting intervening defendant's motion for accelerated judgment on the question of standing. No costs.