GRACE PETROLEUM CORPORATION v PUBLIC SERVICE
COMMISSION

Docket No. 106115. Submitted December 7, 1988, at Grand Rapids.
Decided March 27, 1989.

The Public Service Commission conducted utility gas cost recovery proceedings when Michigan Consolidated Gas Company filed an application for approval of its gas cost recovery plan and factor for 1987. When the hearing referee issued a proposal for decision, Grace Petroleum Corporation, Wolverine Gas & Oil Company, Inc., and Dart Oil & Gas Corporation, who are intrastate gas producers who supplied about forty-two percent of Mich Con's gas requirements in 1987, filed exceptions. The commission thereafter approved a gas cost recovery plan based on a purchased gas price of $3.11414 per Mcf (thousand cubic feet). The producers appealed from the commission's opinion and order. The Attorney General, Residential Ratepayer Consortium, ANR Pipeline Company and Shell Western E & P, Inc., were allowed to intervene in the appeal.

The Court of Appeals *held:*

The producers lack standing to challenge the commission's order. While the producers undoubtedly have an interest in the subject matter of the commission's decision, the producers are not aggrieved by the commission's decision in this case. This proceeding involves what gas costs Mich Con may pass along to and collect from its ratepayers and not what Mich Con may pay to its suppliers.

Affirmed.

1. APPEAL — STANDING.

A party, to have standing to appeal, must have an interest in the subject matter of the litigation; an appeal can only be taken by parties who are affected by the judgment appealed from; there must be some substantial rights of the parties which the judgment would prejudice.

REFERENCES
Am Jur 2d, Appeal and Error §§ 172 *et seq.*
See the Index to Annotations under Appeal and Error.

2. JUDGMENTS — APPEAL — PARTIES.

    A party is aggrieved by a judgment or order when it operates on his rights and property or bears directly on his interest; to be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.

*Varnum, Riddering, Schmidt & Howlett* (by *Jack D. Sage* and *Mark L. Collins*), for Grace Petroleum Corporation, Dart Oil and Gas Corporation, and Wolverine Gas & Oil Company, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Patricia S. Barone,* Assistant Attorneys General, for the Public Service Commission.

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey*), and *Daniel L. Schiffer* and *Dennis R. O'Connell,* for Michigan Consolidated Gas Company.

*Public Issue Advocates* (by *Christopher L. Campbell*), for Residential Ratepayer Consortium.

Before: DOCTOROFF, P.J., and SAWYER and R. J. JASON,* JJ.

PER CURIAM. Grace Petroleum Corporation, Wolverine Gas & Oil Company, Inc., and Dart Oil & Gas Corporation appeal as of right a December 22, 1987 opinion and order of the Michigan Public Service Commission which approved Michigan Consolidated Gas Company's (Mich Con) gas cost recovery (GCR) plan and factor for 1987, Commission Case No. U-8565. This appeal arises from utility gas cost recovery proceedings conducted by the commission pursuant to 1982 PA 304, being MCL 460.6h; MSA 22.13(6h). Appellants are intra-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

state gas producers who supplied about forty-two percent of Mich Con's gas requirements in 1987. Finding that the producers lack standing to challenge the commission's December 22, 1987, order, the order is affirmed.

This proceeding began on September 25, 1986, when Mich Con filed an application for approval of a GCR plan and a GCR factor of $4.12 per Mcf (thousand cubic feet). On August 26, 1987, the hearing referee issued a proposal for decision, recommending a GCR factor of $3.9710 per Mcf. Various parties, including these producers, filed exceptions. The producers argued that because Michigan-produced gas should not be priced at $3.11414 per Mcf, that figure should serve only as a projection. The producers also disputed the comparison of the incremental cost of interstate gas with intrastate gas prices in assessing the reasonableness and prudence of Mich Con's projected gas purchases.

In its December 22, 1987, decision, the commission rejected both of the producers' exceptions. The commission approved the cost of gas by saying:

> The Commission believes that $3.11414 per Mcf is a reasonable price for Mich Con to pay for 1987 intrastate gas. Pursuant to 1929 PA 9, as amended [MCL 483.101 *et seq.;* MSA 22.1311 *et seq.*], the Commission has the authority to establish a reasonable price at which a common purchaser may receive natural gas. In its Opinion and Order dated December 8; 1987 in Case No. U-8573, the Commission stated that:
>
> "The requested price of $3.11414 per Mcf is within that range of prices paid by Mich Con for both inter- and intrastate natural gas. After reviewing the prices paid for inter- and intrastate natural gas, the prior price under the contracts,

and the price calculated under the pricing formula, the Commission finds that $3.11414 per Mcf is reasonable and that the price should be authorized for 1987." (Order, p 11)

The record in this proceeding does not support a contrary finding.

In addition, the commission approved the continued use of incremental cost comparisons.

Consistent with the Commission's order in Case No. U-8288 dated December 17, 1966, the Commission continues to support the Staff's comparison of the cost of intrastate gas with the incremental cost of interstate gas for pricing gas in Mich Con's supply mix. Thus, the Commission's review of utility management decisions regarding gas acquisition focuses upon incremental cost differences. No party to this proceeding presented evidence that has persuaded the Commission to change this position.

The issues raised by the producers on appeal are whether the commission has authority under 1929 PA 9, MCL 483.101 *et seq.;* MSA 22.1311 *et seq.,* to examine and regulate prices Mich Con pays for gas supplies from producers and whether the commission erred in utilizing the incremental cost comparison.

We find these issues improperly before us because the producers lack standing to appeal. For a party to have standing to appeal, he must have an interest in the subject matter of the litigation. An appeal can only be taken by parties who are affected by the judgment appealed from. There must be some substantial rights of the parties which the judgment would prejudice. A party is aggrieved by a judgment or order when it operates on his rights and property or bears directly on his interest. To be aggrieved, one must have some

interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. *In re Trankla Estate,* 321 Mich 478, 482; 32 NW2d 715 (1948); *Ford Motor Co v Jackson (On Rehearing),* 399 Mich 213, 226; 249 NW2d 29 (1976).

While the producers undoubtedly have an interest in the subject matter of the commission's decision, the producers are not aggrieved by the commission's decision in this case. This proceeding involves what gas costs Mich Con may pass along to and collect from its ratepayers under 1982 PA 304 and not what Mich Con may pay to its suppliers, which is the subject of a 1929 PA 9 case.

The commission first decided in its Case No. U-8573 that it has jurisdiction under 1929 PA 9 to determine the reasonableness of the price Mich Con pays for intrastate natural gas, and merely reiterated its prior decision here in answer to the producers' arguments. The producers are now appealing that prior decision in *Antrim Resources v Public Service Comm* and *Grace Petroleum Corp v Public Service Comm,* Court of Appeals Docket Nos. 105380 and 105804. That direct appeal, from the very proceeding in which the determination was first made by the commission, is the proper remedy to challenge the order. Since that appeal is pending, the producers' rights on the question are fully preserved. Likewise, the cost comparison methodology used by the commission was fully litigated in commission Case No. U-8288. The instant case is not the proper vehicle for an appeal from that decision. Additionally, the producers would gain nothing in the event of a reversal of the commission's decision in this case because this decision does not affect the contractual relationship between the producers and Mich Con.

Assuming a reversal of the GCR factor, Mich Con would still be required to buy from the producers at the previously established price.

Moreover, the producers raised similar issues in *Grace Petroleum Corp v Michigan Public Service Comm,* unpublished opinion per curiam of the Court of Appeals, decided September 1, 1988 (Docket No. 100811) (MPSC No. U-8288), and this Court dismissed the appeal, concluding that the producers were not aggrieved by the commission's order.

In view of our decision that the producers lack standing to challenge the commission's December 22, 1987, order, we find it unnecessary to consider the claims they raise. *In re Creed,* 126 Mich App 32, 37; 337 NW2d 41 (1983).

Affirmed.