## KALINOFF v COLUMBUS TOWNSHIP

Docket No. 166845. Submitted February 14, 1995, at Lansing. Decided October 13, 1995, at 9:05 A.M.

Steven Kalinoff and others brought an action in the St. Clair Circuit Court against Columbus Township and LCS Homes, Inc., alleging that the township permitted a public nuisance to exist by failing to enforce the provision in the township zoning ordinance that requires an owner of contiguous lots that do not satisfy the zoning requirements relative to minimum lot size and frontage to achieve those minimums by combining lots and to enjoin LCS Homes from constructing homes on each of five adjacent nonconforming lots that it owned. The court, James T. Corden, J., granted summary disposition for the plaintiffs, holding that the zoning ordinance clearly required that, if possible, nonconforming lots owned by a single party must be combined to create a conforming lot and that, because it owned five adjacent nonconforming lots that could be combined into two conforming lots, LCS Homes could not proceed with the construction of homes on each of the five lots. The township appealed.

The Court of Appeals *held:*

Because the language of the ordinance is clear and unambiguous, there was no need to engage in judicial construction. The trial court properly declined to defer to the township's established interpretation and application of its zoning ordinance, because the ordinance, being clear and unambiguous, must be enforced as written.

Affirmed.

McDONALD, J., dissenting, stated that the decision of the trial court should be reversed and the plaintiffs' complaint should be dismissed on the basis that the plaintiffs, having failed to show that they suffered any injury different than the injury suffered by the public at large, lacked standing to bring against the township an action for abatement of a public nuisance.

REFERENCES

Am Jur 2d, Zoning and Planning §§ 702, 705.
See ALR Index under Zoning.

ZONING — ORDINANCES — JUDICIAL INTERPRETATION.

> A zoning ordinance that is clear and unambiguous should be
> enforced as written; a court need not defer to the interpretation
> a township gives its zoning ordinance where the ordinance is
> clear, unambiguous, and in no need of interpretation.

*James V. Dubay*, for Columbus Township.

Before: MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ.

GRIFFIN, J. Defendant Columbus Township appeals as of right an order of the circuit court granting plaintiffs' motion for summary disposition and denying the township's motion for summary disposition. We affirm.

Although the dissent addresses an issue that is not raised on appeal, we are restricting our review to the issues that are before us as framed in the township's brief.[1] At issue in this case is the trial court's construction of Columbus Township Zoning Ordinance No. 17, art IV, § 4.02, regarding nonconforming lots. Plaintiffs alleged in their lawsuit that § 4.02(B) of the ordinance prohibits defendant LCS Homes, Inc., from building on five residential lots that it had acquired and that fail to meet minimum lot size and frontage requirements. Section 4.02 provides as follows:

> A. In any district in which single-family dwellings are permitted, notwithstanding limitations imposed by other provisions of this ordinance, a single-family dwelling and customary accessory buildings may be erected on any single lot of record at the effective date of adoption or amendment of this ordinance. This provision shall apply even though such lot fails to meet the require-

---

[1] If we were inclined to rule on the standing issue, plaintiffs, as property owners, appear to have standing to seek enforcement of the zoning ordinance. *D'Agostini v Roseville*, 396 Mich 185; 240 NW2d 252 (1976).

ments for area, or width, or both, that are generally applicable in the district; provided that yard dimensions and other requirements not involving area or width, or both, of the lot shall conform to the regulations for the district in which such lot is located. Yard requirements variances may be obtained through approval of the Board of Appeals.

B. If two or more lots or combinations of lots and portions of lots with continuous frontage in single ownership are of record at the time of passage or amendment of this ordinance, and if all or part of the lots do not meet the requirements for lot width and area as established by this ordinance, the lands involved shall be considered to be an undivided parcel for the purposes of this ordinance, and no portion of said parcel shall be used or occupied which does not meet lot width or area requirements established by this Ordinance, nor shall any division of the parcel be made which leaves remaining any lot width or area below the requirements stated in this ordinance.

In making its ruling, the trial court reasoned as follows regarding its construction of § 4.02:

I view this case as one of statutory, or in this case ordinance interpretation. And I find it very difficult to harmonize Subparagraphs A and B with —If you don't give B some meaning.

And the rationale, as I've always understood it, and I may be entirely wrong, but the rationale for B in an ordinance of this kind is for the purpose of reducing nonconformity to the extent that it can be done irrespective of the fact that the township has not given it that interpretation.

It's recognized that as long as people own single lots that predated the enactment of the ordinance, that obviously with certain limitation they are permitted to build on those single lots. But once any owner owns more than two lots with which he can conform to the ordinance, then he is required to do so. And even though that means that you cut

down on the number of dwellings that can be
erected in this subdivision, and that's precisely
what the ordinance requires, when a single owner
owns two or more lots, then that owner will be
required to meet the 200—or 200 foot frontage
requirement.

On appeal, the township challenges the trial
court's construction and application of § 4.02 of the
ordinance. Defendant argues that § 4.02(A) clearly
allows single-family homes to be constructed on
the parcels in question. According to the township,
§ 4.02(B) is not applicable to lots that were platted
before the adoption of the ordinance. We disagree.

We apply the rules of statutory construction
when construing a zoning ordinance. *Albright v
Portage,* 188 Mich App 342, 350, n 7; 470 NW2d
657 (1991); *Settles v Detroit City Clerk,* 169 Mich
App 797, 808; 427 NW2d 188 (1988). Therefore,
when the language used in an ordinance is clear
and unambiguous, we may not engage in judicial
interpretation, and the ordinance must be enforced
as written. *Livingston Co Bd of Social Services v
Dep't of Social Services,* 208 Mich App 402, 406;
529 NW2d 308 (1995); *Oberlin v Wolverine Gas &
Oil Co,* 181 Mich App 506, 511; 450 NW2d 68
(1989).

We agree with the trial court that, when read in
context, § 4.02(B) requires an owner of two or more
lots with continuous frontage to combine the lots
to conform to the township's minimum lot size and
frontage requirements. In our view, the township's
reading of the ordinance is inconsistent with its
plain language; the ordinance does not exempt the
subdivision lots at issue here. Rather, § 4.02(B)
applies to lots that "are of record" at the time of
the passage of the ordinance. Moreover, defen-
dant's reliance on § 4.02(A) is misplaced. This sec-
tion clearly applies only to owners of single par-

cels of property rather than to owners of multiple parcels of property. The trial court did not err in granting plaintiffs' motion for summary disposition.

Next, the township relies on *Macenas v Michiana,* 433 Mich 380, 398; 446 NW2d 102 (1989), for its argument that the trial court failed to give deference to the township's established interpretation and application of its zoning ordinance. The township claims that it consistently has not applied § 4.02(B) to "legal lots of record" in subdivisions legally created and recorded before the adoption of the ordinance. Nevertheless, unlike in *Macenas,* the language used in the ordinance at issue in this case is clear and unambiguous and must be enforced as written. *Oberlin, supra.*

The township's remaining issues merit only a brief discussion. The trial court's ruling did not contravene the Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.* In addition, the trial court did not grant prematurely plaintiffs' motion for summary disposition; there were no genuine issues of material fact left to resolve. Finally, the township's claim that summary disposition was improvidently granted because the complaint and affidavit were not drawn in conformity with the court rules is wholly frivolous.

Affirmed.

MICHAEL J. KELLY, P.J., concurred.

McDONALD, J. *(dissenting).* I would find it unnecessary to address the interpretation and application of the ordinance at issue because the plaintiffs lacked standing to bring the instant suit. This Court need not review an issue upon which the party has no standing to contest. *Grace Petroleum*

*Corp v Public Service Comm,* 178 Mich App 309; 443 NW2d 790 (1989).

Generally our review is limited to issues and arguments decided below and raised and argued on appeal. *Allen v Keating,* 205 Mich App 560; 517 NW2d 830 (1994); *People v Stanaway,* 446 Mich 643; 521 NW2d 557 (1994). Although the township failed to raise the standing issue in its brief on appeal, the issue was raised and addressed by the lower court by way of the township's motion for summary disposition based on plaintiffs' lack of standing.

Plaintiffs' complaint alleges defendant LCS Homes, Inc.'s actions violate a township zoning ordinance and thereby create a public nuisance. Traditionally, a private citizen has no standing to bring suit to "vindicate a public wrong or enforce a public right where he is not hurt in any manner differently than the citizenry at large." *Alexander v Norton Shores,* 106 Mich App 287, 288; 307 NW2d 476 (1981). Plaintiffs neither pleaded nor proved by way of affidavit or other documentary evidence that they suffered injuries distinct from any injuries suffered by the general public. *Towne v Harr,* 185 Mich App 230; 460 NW2d 596 (1990). When challenging a zoning ordinance as being unreasonable, the aggrieved party must show that (1) there is no reasonable governmental interest being furthered by the present zoning classification *of the aggrieved party's property* or (2) the ordinance in question is unreasonable because it permits an arbitrary, capricious, and unfounded exclusion of *the aggrieved party's property* from other types of legitimate land use. *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974). Thus, our Supreme Court has conferred standing on only the person whose property is directly affected by the zoning determination.

The majority holds plaintiffs would have standing under our Supreme Court's ruling in *D'Agostini v Roseville,* 396 Mich 185; 240 NW2d 252 (1976). Their reliance is misplaced because the Court held that only owners of immediately adjoining property who were possessed of rights that would be adversely affected by the litigation and whose interest in the action far exceeded that of the general public or other owners in the area would have the right to intervene or have standing to intervene. Plaintiffs failed to show any of these prerequisites. Consequently plaintiffs lacked standing to bring an action to abate the alleged nuisance.

Although I was able to decipher from plaintiffs' complaint their theory of nuisance against defendant LCS, the nature as well as the legal basis of their claim against defendant township remains unclear. Plaintiffs infer any concerned citizen has a right to bring an action against a governmental entity or official when the entity or official is perceived to be neglecting or negligently performing its duties. Plaintiffs have failed to provide any valid authority to support such a proposition nor do I believe any exists. If such actions were permitted, well-meaning, and perhaps some not-so-well-meaning citizens, would be flocking to the courts, causing all levels of government to incur endless attorney fees and to risk eventual bankruptcy. Rather, precedent indicates a reluctance to create liability with regard to the functioning of local government. In *Randall v Delta Charter Twp,* 121 Mich App 26, 32; 328 NW2d 562 (1982), this Court in finding a township immune from suit for allegedly failing to abate a zoning violation stated:

> [W]e find that decisions of a planning commission, or other similar local agency, concerning

whether to enforce zoning ordinances are decisions which are so basic to the operation of a municipality that any attempt to create liability with respect thereto would constitute "an unacceptable interference with [the municipality's] ability to govern."

In summary, plaintiffs lacked standing to sue for abatement of the alleged nuisance where they failed to demonstrate "special damages" unique to them rather than the general public and they failed to set forth a valid claim against the township independent of the nuisance claim.

The majority's decision on the merits imposes an interpretation of the ordinance which is contrary to that given by the township, which, if enforced, may ultimately subject the township to further litigation as being in violation of the Subdivision Control Act. Although the majority opinion states its ruling does not contravene that act, it fails to state any basis for such a conclusion. Such an issue should not be decided until properly aligned parties with justiciable interests have litigated the issue in a lower court and have presented it on appeal in this Court.

I would reverse the decision of the trial court and dismiss plaintiffs' complaint.