CITY OF ROCKFORD v 63RD DISTRICT COURT

Docket No. 287501. Submitted October 6, 2009, at Lansing. Decided
    December 29, 2009, at 9:25 a.m.

    The city of Rockford brought an action in the Kent Circuit Court
against the 63rd District Court and the chief judge of the district
court (defendants), seeking declaratory and injunctive relief to
prevent the consolidation of both divisions of the court in one
facility in Grand Rapids Township. The trial court, Donald A.
Johnston, J., allowed Kent County to intervene as a defendant and
granted summary disposition in favor of defendants. Plaintiff
appealed.

    The Court of Appeals *held*:

    1. The trial court properly interpreted MCL 600.8251(2),
which governs the location of district courts of the second class,
such as the 63rd District Court. The trial court did not err by
determining that the 63rd District Court was not required to
maintain a full-time judicial presence in the city of Rockford. The
phrase "shall sit" in MCL 600.8251(2), in the context of the entire
district court act, MCL 600.8101 *et seq.*, cannot mean that district
courts are required to hold court full-time in every city in the
district with a population of 3,250 or more, because the Legislature
did not provide enough judges to do so.

    2. The trial court properly determined that the only judicial
services the 63rd District Court must provide in Rockford are
those services it is required to provide as a second-class district
court under the district court act. Most of the venue provisions
applicable to the 63rd District Court do not require the court to sit
in the political subdivision where the violation took place. Rather,
venue in most instances is proper in the district where the
violation took place. The only exception is provided in MCL
600.8416(1), which states that the small claims division of the 63rd
District Court must hear small claims arising in Rockford at least
once every 30 days.

    3. The trial court did not err by concluding that the chief judge
of the 63rd District Court had the authority to determine that the
other district court judge, who was presiding over the first division
of the district in a facility located in Rockford, would sit in Grand

Rapids Township. MCL 600.8251(4) vests the chief judge with the authority to designate the places or court locations within the district where each judge of the district court shall sit.

Affirmed.

1. COURTS — DISTRICT COURTS — PLACE OF SITTING.

The phrase "shall sit" in MCL 600.8251(2) does not require district courts of the second class to hold court full-time in each city and unincorporated village within the district having a population of 3,250 or more; the court generally is not required to sit in the political subdivision where a criminal violation or civil infraction occurred and venue is proper in most instances in the district where the violation took place unless provided otherwise by statute (MCL 600.8212).

2. COURTS — DISTRICT COURTS — JUDGES — PLACE OF SITTING.

Each judge of a district court shall sit at places within the district as designated by the presiding judge or chief judge of the district (MCL 600.8251[4]).

*Law, Weathers & Richardson, P.C.* (by *Steven F. Stapleton* and *Crystal L. Rice*), for the City of Rockford.

*Bregman & Welch* (by *Judy E. Bregman*) for the 63rd District Court and the chief judge of the district court.

*Varnum LLP* (by *Timothy E. Eagle* and *Bradley S. Defoe*) for Kent County.

Before: TALBOT, P.J., and WILDER and M. J. KELLY, JJ.

WILDER, J. Plaintiff appeals as of right the trial court's order granting the motion for summary disposition of the 63rd District Court and 63rd District Court Chief Judge Sara Smolenski (defendants). We affirm.

This action involves the 63rd District Court's planned consolidation of both the first and second divisions of the court into one location in Grand Rapids Township. The 63rd District Court is a district court of the "second class" and its jurisdiction includes a large

portion of Kent County. MCL 600.8130(4). The district is divided into two election divisions and plaintiff city of Rockford is located in the first division. MCL 600.8251(2) governs the location of district courts of the second class and provides, in relevant part, that

> the court *shall sit* at any county seat within the district, and at each city and incorporated village within the district having a population of 3,250 or more . . . . The court is not required to sit in any political subdivision if the governing body of that subdivision by resolution and the court agree that the court shall not sit in the political subdivision. . . . *In addition to the place or places where the court is required to sit pursuant to the provisions of this subsection, the court may sit at a place or places within the district as the judges of the district determine.* [Emphasis added.]

It is undisputed that the 63rd District does not have a county seat, that Rockford is a city within the district containing a population of over 3,250, and that the governing body of Rockford has not agreed to the absence of the court from Rockford. Currently, Judge Steven R. Servaas presides over the first division in a facility located in Rockford, while Smolenski presides over the second division in a facility located in Grand Rapids Township near Cascade.

Kent County, which is the "funding unit" of the 63rd District Court and is responsible for providing facilities, MCL 600.8103(2), MCL 600.8104, MCL 600.8261, acquired property in Grand Rapids Township near the East Beltline and Knapp Street with plans to consolidate both divisions of the court into a new facility. On February 4, 2008, Smolenski issued a statement wherein she indicated her support for the proposed consolidation and stated that, as chief judge, she had ultimate authority to determine whether both divisions of the court would be consolidated at the new location. Thereafter, both the Rockford City Council and Servaas

expressed their objections to the consolidation plan, and plaintiff brought suit seeking declaratory and injunctive relief. Specifically, plaintiff asserted that the consolidation plan was in violation of the statutory mandate that the district court "shall sit" in Rockford. Thereafter, plaintiff and defendants both moved for summary disposition pursuant to MCR 2.116(C)(10) and the trial court granted defendants' motion.

On appeal plaintiff claims that the trial court erred by interpreting the controlling statute, MCL 600.8251(2), as it applied to the 63rd District Court. We review a trial court's interpretation of a statute de novo. *Auto-Owners Ins Co v Amoco Production Co*, 468 Mich 53, 57; 658 NW2d 460 (2003). "The primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature." *Livingston Co Bd of Social Services v Dep't of Social Services*, 208 Mich App 402, 406; 529 NW2d 308 (1995). When the language in a statute is clear and unambiguous we do not engage in judicial interpretation and the statute must be enforced as written. *Kalinoff v Columbus Twp*, 214 Mich App 7, 10; 542 NW2d 276 (1995). "In construing the language of a statute, every word or phrase should be accorded its plain and ordinary meaning unless defined in the statute." *Livingston Co*, 208 Mich App at 406. Words and phrases used in a statute " 'should be read in context with the entire act and assigned such meanings as to harmonize with the act as a whole.' " (Citation omitted.) *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008). "Identical terms in different provisions of the same act should be construed identically . . . ." *Cadle Co v City of Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009). However, the use of different words connotes different meanings. *United States Fidelity & Guaranty Co v Michigan Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 14; 795 NW2d 101 (2009).

As referenced above, MCL 600.8251(2) governs the location of district courts of the second class and, in relevant part, provides: "[i]n districts of the second class, *the court shall sit . . . at each city and incorporated village within the district having a population of 3,250 or more . . . .*" Our Supreme Court interpreted this same language in the context of a third-class district court in *Center Line v 37th Dist Judges*, 403 Mich 595; 271 NW2d 526 (1978). In *Center Line*, one of the four district judges of the 37th District Court sat in the city of Center Line while the district's three other judges sat in the city of Warren. *Id.* at 601-602. In 1975, Warren constructed a new courthouse with capacity for four judges and Center Line brought suit to prevent the 37th District Court from consolidating all four judges into the new facility. *Id.* On appeal, Center Line argued that consolidation of the four judges in one facility in Warren violated the statutory requirement (MCL 600.8251[3]) that district courts of the third class "shall sit" in cities with a population of 3,250 or more. Our Supreme Court rejected the plaintiff's argument that the phrase "shall sit" required the 37th District Court to remain located in Center Line on a full-time basis and held:

> If we were to adopt the city's position, using the 1970 census, we would be creating many "full-time" judge locations in the state where none now are thought to exist. We will not interpret the legislative language to achieve a result that body could not have intended. *The statute does not require a full-time judge* in Center Line, *only such services of a judge as may, consistent with the judicial needs of the district, be required to transact whatever judicial business is brought in the city. [Id.* at 604 (emphasis added).]

In determining which judicial services were required in Center Line, the Supreme Court interpreted and applied the district court act. *Id.* at 601, 605, citing MCL 600.8101 *et seq.* The parties agreed that, pursuant to

MCL 600.8416,[1] the small claims division of the district court was required to sit in Center Line " 'once each 30 days. ' " *Id.* at 604-605. Furthermore, pursuant to the venue provision in MCL 600.8312(3),[2] the district court of the third class district was also required to sit in Center Line to hear cases involving the violation of Center Line ordinances. *Id.* at 602, 604-607. Under an earlier version of the venue provision in MCL 600.8312(5),[3] a district court of the third class was not required to sit in any specific location within the district to hear general civil cases arising out of transactions within Center Line. *Id.* at 605. With regard to "the remaining business of the court," our Supreme Court affirmed the circuit court's ruling that these functions could be transacted " 'at any place within the geographical area of the . . . district. ' " *Id.* at 602.

We conclude that here, consistent with *Center Line*, the trial court properly interpreted MCL 600.8251(2).

---

[1] In 1978, when *Center Line* was decided, MCL 600.8416 provided, "The small claims division of the district court shall sit at least once each 30 days at such locations as the district court is required to sit as set forth in section 8251."

[2] In 1978, MCL 600.8312(3) provided:

In a district of the third class, venue in criminal actions for violations of state law and all city, village, or township ordinances shall be in the political subdivision thereof where the violation took place, except that when such violation is alleged to have taken place within a political subdivision where the court is not required to sit the action may be tried in any political subdivision within the district where the court is required to sit.

[3] In 1978, MCL 600.8312(5) provided:

In districts of the second or third class venue in civil actions shall be in the district in which the subject of the action is situated, the cause of action arose or in the district in which the defendant is established or resides. If there is more than 1 defendant, actions shall be filed in the district in which any defendant is established or resides.

First, the trial court did not err by determining that the 63rd District Court was not required to maintain a full-time judicial presence in the city of Rockford. *Center Line*, 403 Mich at 604. To "sit" generally means " 'to hold court' or 'do any act of a judicial nature. ' " *Id.* at 604 n 10 (citations omitted). As the trial court noted, reading "shall sit" in context with the entire district court act cannot mean district courts are required to hold court full-time in every city with a population of 3,250 or more because the Legislature did not provide enough judges to fulfill that requirement. For example, the populations of the city of Rockford, village of Sparta, city of East Grand Rapids, and city of Lowell each exceed 3,250, but the Legislature only designated two judges for the 63rd District Court. MCL 600.8130(4); see *Couzens*, 480 Mich at 249. Because MCL 600.8251(2) and MCL 600.8130(4) are *in pari materia* and must be construed so as to be harmonious with each other, *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 148; 762 NW2d 192 (2009), the trial court correctly held that the city of Rockford's contention that placed heavy reliance on the language of MCL 600.8251(2) in isolation and without context was misplaced.

Second, the trial court also properly determined that the only judicial services the 63rd District Court must provide in Rockford are those services it is *required* to provide as a second-class district court under the district court act. MCL 600.8312 provides, in relevant part:

> (2) In a district of the second class, venue in criminal actions for violations of state law and all city, village, or township ordinances shall be in the district where the violation took place.

* * *

(5) Venue in civil actions, other than civil infraction actions, shall be governed by sections 1601 to 1659 except that for purposes of this subsection all references to "county" in sections 1601 to 1659 shall mean "district" with respect to districts of the second and third class.

(6) Venue in civil infraction actions shall be determined as follows:

\* \* \*

(b) In a district of the second class, venue shall be in the district where the civil infraction occurred.

It is apparent from a plain reading of the statute that most of the venue provisions applicable to the 63rd District Court do not require the court to sit in the political subdivision where the violation took place. Rather, venue in most instances is proper in the *district* where the violation took place. The only exception to this general rule is provided in MCL 600.8416(1), which states:

The small claims division of the district court shall sit at least once each 30 days at the locations at which the district court is required to sit pursuant to section 8251.

Thus, while the small claims division of the 63rd District Court must hear small claims arising in Rockford, in order to meet the statutory requirement in MCL 600.8251(2) that it "shall sit" in cities with a population of 3,250 or more, it is not required to do so more than once every 30 days.[4]

---

[4] We note that while plaintiff argues on appeal that the trial court failed to consider documents showing that the 63rd District Court does not have plans to offer any services in Rockford, plaintiff waived appellate review of this issue by agreeing with the trial court that the documents were irrelevant to the resolution of this case. *Grant v AAA Michigan/Wisconsin, Inc (On Remand)*, 272 Mich App 142, 149; 724 NW2d 498 (2006).

Third, the trial court did not err when it concluded that, as chief judge of the 63rd District Court, Smolenski had the authority to determine that Servaas would "sit" in Grand Rapids Township. Rockford contends that because Servaas objects to sitting in Grand Rapids Township, MCL 600.8251(2) precludes Smolenski from assigning Servaas to sit outside his election district. We disagree.

MCL 600.8251(2) provides, in relevant part, that "[i]n addition to the place or places where the court is required to sit pursuant to the provisions of this subsection, the court may sit at a place or places within the district as the judges of the district determine." As we noted earlier, as used in MCL 600.8251(2), to "sit" generally means "to hold court" or "do any act of a judicial nature." There is no dispute that the 63rd District Court "sits" in Grand Rapids Township, following the agreement of both judges in 1989 that the court would sit in this second location within the district. Importantly, Rockford does not now dispute that the 63rd District Court, *as a court*, properly "sits" in Grand Rapids Township. Because the court properly sits in Grand Rapids Township, we therefore look to MCL 600.8251(4) in order to determine where each of the *judges* in the district will sit. MCL 600.8251(4) provides, in pertinent part, that "[e]ach judge of the district shall sit at places within *the district* as the presiding judge designates." (Emphasis added.) The trial court correctly concluded that the term "presiding judge" as used in MCL 600.8251(4) is interchangeable with the term "chief judge" used in MCR 8.110. See MCR 8.110(C)(2). Thus, we conclude that MCL 600.8251(4) vests Smolenski, as chief judge, with the authority to designate the places or court location(s) within the district where Servaas shall sit.[5]

---

[5] See also MCL 600.8261, which states, in part, that "[c]ourt *facilities* shall be provided at those *places* where the court sits." (Emphasis added.)

For the foregoing reasons, the trial court did not err by granting defendants' motion for summary disposition.

Affirmed. A public question being involved in the instant matter, defendants, as prevailing parties, may not tax costs. MCR 7.219(A).